UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN RATAJ,

    Plaintiff,                                           Civil Action No. 13-CV-14836

v.                                                  HON. BERNARD A. FRIEDMAN

CYNTHIA LANE, et al.,

    Defendants.

_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT
AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff challenges his state criminal proceedings and state parental rights proceedings. He names St. Clair County Circuit Judge Cynthia Lane, St. Clair County, St. Clair County prosecutors Michael Wendling, Stephen Guilliat, and Terese Novosel, and the Michigan Department of Corrections ("MDOC") as defendants. He sues the county and the MDOC in their official capacities and the other defendants in their official and individual capacities. He seeks compensatory and punitive damages. The Court has granted the plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff has also filed a motion for appointment of counsel.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28

U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a *pro se* civil rights complaint is to be construed liberally, *see, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Fed. R. Civ. P. 8(a) nonetheless requires all complaints to forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This notice pleading standard does not require "detailed" factual allegations, but it does require more than the bare assertion of legal principles or conclusions. *Id.* at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*, *quoting Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, *quoting Twombly*, 550 U.S. at 557.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that plaintiff was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In the present case, the claims concerning plaintiff's state criminal proceedings are subject to summary dismissal. Section 1983 may not be used to challenge the validity of plaintiff's

conviction or sentence. Only by filing a petition for a writ of habeas corpus may plaintiff seek such relief. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Further, plaintiff's claims against the county are subject to dismissal because the complaint fails to state a claim upon which relief may be granted as to that entity. A local governmental entity may be sued under § 1983 only when the execution of a government policy or custom, for which the government as an entity is responsible, inflicts the injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). That is, "the entity's policy or custom must be the moving force behind the constitutional deprivation." *S.H.A.R.K. v. Metro Parks*, 499 F.3d 553, 563 (6th Cir. 2007). Plaintiff does not allege that the county maintains an unconstitutional policy or custom, or that any of its policies caused any of the alleged improper conduct by the other defendants.

Plaintiff's claims against a judge and several prosecutors are also subject to dismissal because these defendants are entitled to immunity. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff's claims against the MDOC are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Turnboe v. Stegall*, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

For these reasons, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted, that the state court judge and prosecutors are immune, and that the MDOC is entitled to Eleventh Amendment immunity. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied.

IT IS FURTHER ORDERED that any appeal in this matter could not be taken in good faith and therefore plaintiff may not proceed on appeal in forma pauperis.

        s/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: December 30, 2013
      Detroit, Michigan